IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PARKER MICHAEL KNIGHT,

    Plaintiff,

v.

UNION/PINE
- (1) SUMMER KILLINGSWORTH
- (2) PATRICK TRIATO
- (3) HEATHER HAWKSFORD of DBA MERIT BADGE
- (4) MATT MOUNT of DBA MERIT BADGE
- (5) Above: are each an agent of DBA UNIONPINE, owned by Patrick Triato, and its partners or employees on real property owned by DBA Woodcarver, with owner name Cliff Bryson with owner address at 14325 NE Airport Way Suite 214, Portland, OR 97230

&amp; UnionPine's six partners including 1) SUMMER KILLINGSWORTH, 2) PATRICK TRIATO and HEATHER HAWKSFORD of dba MERIT BADGE, and MATT MOUNT of DBA MERIT BADGE

    Defendants.

Case No. 3:13-cv-01239-BR

ORDER TO DISMISS

1 - ORDER TO DISMISS -

BROWN, Judge.

Plaintiff brings this civil action *pro se*. Pursuant to an Order (#5) entered by the Honorable Michael H. Simon on July 25, 2013, Plaintiff was granted leave to proceed *in forma pauperis*. However, for the reasons set forth below, Plaintiff's Complaint is dismissed.

## BACKGROUND

Plaintiff's Complaint begins with a 14-page, largely incomprehensible narrative statement. Plaintiff describes the backgrounds of individuals who are not parties to this action and provides superfluous details about the individuals who are named herein. Plaintiff includes a "question and answer" segment pertaining to his physical appearance at an event, and much other, extraneous information.

Finally, beginning at page 15, Plaintiff's Complaint appears to allege three claims for relief: (1) a Title III discrimination claim under the Americans with Disabilities Act ("ADA"); (2) a state tort claim of intentional infliction of emotional distress; and (3) a state tort claim of slander. All three claims apparently arise from the same incident: Plaintiff was excluded from attending a "pop-up" restaurant event allegedly sponsored by Defendants Killingsworth, Triato, Hawksford, and Mount, dba

2 - ORDER TO DISMISS -

"Union/Pine."[1]  By way of remedy, Plaintiff seeks $500,000 in unidentified "actual damages" and $500,000 in punitive damages, as well as an injunction prohibiting Defendants from barring Plaintiff access to further pop-up restaurant events.

## STANDARDS

When a person is granted leave to proceed in forma pauperis, the court shall dismiss the case at any time if the court determines that:

(B)  the action . . .

   (I)  is frivolous or malicious;

   (ii) fails to state a claim on which relief may be granted; or

   (iii)  seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2).

In order to state a claim, Plaintiff's complaint must contain sufficient factual allegations which, when accepted as true, give rise to a plausible inference that Defendants violated Plaintiff's rights.  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009); Bell Atlantic Corp. v. Twombly, 550 U.S. 554, 556-57 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the

---

[1]Defendant Bryson's sole involvement appears to be as the legal owner of the property where the "pop-up" restaurant event took place.

3 - ORDER TO DISMISS -

defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678; *Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009).

As the Ninth Circuit has instructed however, courts must "continue to construe *pro se* filings liberally." *Hebbe v. Pliler*, 627 F.3d 338, 341 (9th Cir. 2010). A "complaint [filed by a *pro se* prisoner] 'must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Id.* (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam)).

Before dismissing a *pro se* civil complaint for failure to state a claim, this Court supplies the plaintiff with a statement of the complaint's deficiencies. *Karim-Panahi v. Los Angeles Police Dept.*, 839 F.2d 621, 623-24 (9th Cir. 1988); *Eldridge v. Block*, 832 F.2d 1132, 1136 (9th Cir. 1987). A *pro se* litigant will be given leave to amend his or her complaint unless it is absolutely clear that the deficiencies of the complaint cannot be cured by amendment. *Karim-Panahi*, 839 F.2d at 623; *Lopez v. Smith*, 203 F.3d 1122, 1130-31 (9th Cir. 2000).

## DISCUSSION

### I. Procedural Deficiencies

Pursuant to Fed. R. Civ. P. 8(a), a complaint shall include "a short and plain statement of the claim showing that the pleader is entitled to relief." "Each averment of a pleading shall be

4 - ORDER TO DISMISS -

simple, concise and direct." Fed. R. Civ. P. 8(e). If the factual elements of a cause of action are scattered throughout the complaint but are not organized into a "short and plain statement of the claim," dismissal for failure to satisfy Rule 8(a) is proper. *Sparling v. Hoffman Constr. Co.*, 864 F.2d 635, 640 (9th Cir. 1988); *see also Nevijel v. North Coast Life Ins. Co.*, 651 F.2d 671, 674 (9th Cir. 1981) (district court may dismiss an action with prejudice due to a litigant's failure to comply with Rule 8(a) if meaningful, less drastic sanctions have been explored); *cf.* Fed. R. Civ. P. 8(e)(1) ("each averment of a pleading shall be simple, concise, and direct").

As noted, Plaintiff's Complaint consists mostly of an incomprehensible narrative statement. The factual elements of Plaintiff's claims for relief are scattered throughout the Complaint and are not organized into a "short and plain statement of the claim."

## II. Substantive Deficiencies

### 1. Americans With Disabilities Act

Title III of the ADA prohibits an owner of a place of public accommodation from engaging in discrimination, and the relevant provision of the ADA states as follows:

> No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation

5 - ORDER TO DISMISS -

by any person who owns, leases (or leases to), or operates a place of public accommodation.

42 U.S.C. § 12182(a). To state a claim for relief under the ADA an individual must allege and establish that: (1) [he] is disabled within the meaning of the ADA; (2) the defendant is a private entity that owns, leases, or operates a place of public accommodation; and (3) the plaintiff was denied public accommodations by the defendant because of [his] disability. *Molski v. M.J. Cable*, 481 F.3d 724, 730 (9th Cir. 2007).

The enforcement provisions of Title III of the ADA provide only for injunctive relief. *Pickern v. Holiday Quality Foods, Inc.*, 293 F.3d 1133, 1135 (9th Cir. 2002). Damages are not available to individuals. *Id.*

Plaintiff must allege short, concise, statements of sufficient factual allegations which, when accepted as true, give rise to a plausible inference that Defendants violated Plaintiff's rights under Title III. Moreover, Plaintiff cannot allege a claim for money damages resulting from the alleged ADA violation(s).

## II. Supplemental Jurisdiction over State Tort Claims

Title 28 U.S.C. § 1367 governs a federal court's exercise of supplemental jurisdiction. Section 1367(a) provides that "in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims

6 - ORDER TO DISMISS -

in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). Under § 1367(c), however, a district court has the discretion to decline to exercise supplemental jurisdiction over state claim if:

> (1) the claim raises a novel or complex issue of State law,
>
> (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,
>
> (3) the district court has dismissed all claims over which it has original jurisdiction, or
>
> (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

28 U.S.C. § 1367(c)(1)-(4).

As interpreted by the Ninth Circuit, § 1367 mandates the exercise of supplemental jurisdiction pursuant to § 1367(a), unless such exercise is prohibited by § 1367(b) or one of the specifically enumerated exceptions set forth in § 1367(c) applies. *Executive Software N. Am., Inc. v. U.S. Dist. Court for the Cent. Dist. of Cal.*, 24 F.3d 1545, 1555-56 (9th Cir. 1994). Thus, "unless a court properly invokes a § 1367(c) category in exercising its discretion to decline to entertain pendent claims, supplemental jurisdiction must be asserted." *Id.* at 1556.

With respect to the second exception enumerated in § 1367(c), in *United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1966), the

7 - ORDER TO DISMISS -

Supreme Court indicated that state issues may substantially predominate "in terms of proof, of the scope of the issues raised, or of the comprehensiveness of the remedy sought. . . ." While *Gibbs* is a pre-28 U.S.C. § 1367 case, the Ninth Circuit has indicated that the § 1367(c) inquiry should be informed by Gibbs. *Acri v. Varian Assocs., Inc.*, 114 F.3d 999, 1001 (9th Cir. 1997).

Judged in terms of the *Gibbs* criteria, Plaintiff's state tort law claims substantially predominate over the ADA claim. Plaintiff is entitled to only injunctive relief and attorney's fees under the ADA, whereas resolution of the state tort claims permit the full recovery of damages for mental anguish. *See Rivera Flores v. P.R. Tel. Co.*, 776 F.Supp. 61, 71-72 (D. P.R. 1991) (declining to exercise supplemental jurisdiction over plaintiff's non-federal claims because, among other things, the plaintiff was seeking six million dollars in damages for the tort of intentional infliction of emotion distress but only injunctive relief and backpay under the Rehabilitation Act); *see also Molski v. Hitching Post I Restaurant, Inc.*, 2005 WL 3952248, *7 (C.D. Cal., May 25, 2005 (declining to exercise supplemental jurisdiction over state law claims for money damages because, among other things, only injunctive relief available under Title III of the ADA). Given this disproportion, the Court concludes

that Plaintiff's state law claims substantially predominate over his federal ones.

## CONCLUSION

Based on the foregoing, IT IS ORDERED that Plaintiff's Complaint is DISMISSED for failure to state a claim. Plaintiff may file an Amended Complaint, curing the deficiencies noted above, within 30 days of the date of this order. Plaintiff is advised that failure to file an Amended Complaint within the time provided shall result in the dismissal of this action, with prejudice.

IT IS FURTHER ORDERED that Defendants need not respond to Plaintiff's Complaint, but should file a Notice of Appearance so the Court may apprise them of the status of this action and whether further responsive pleading shall be required.

IT IS SO ORDERED.

DATED this 6th day of September, 2013.

_____
ANNA J. BROWN
United States District Judge

9 - ORDER TO DISMISS -